Laguerre v MTA N.Y. City Tr. Paratransit Div. (2023 NY Slip Op 00417)

Laguerre v MTA N.Y. City Tr. Paratransit Div.

2023 NY Slip Op 00417

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-00024
 (Index No. 509676/16)

[*1]Lovsky Laguerre, appellant, 
v
MTA New York City Transit Paratransit Division, et al., respondents.

Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Jinan Monique Arafat and Stephen F. Zaklukiewicz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 6, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on April 26, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 6, 2019, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine and to the plaintiff's left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the lumbar region of his spine and to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendants' motion for [*2]summary judgment dismissing the complaint.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court